SHERMAN AUSTIN *against* RUTH AUSTIN.

*New-Haven,*
July, 1834.

Austin   | 10  221|
   *v.*    | 68  196|
Austin.

On the trial of a petition for divorce, brought by the husband against the wife, on the ground of adultery committed by her with *A ;* the petitioner, having proved, in support of the charge, that the respondent had been found in a situation with *A,* which furnished presumptive evidence of her guilt; she, denying her guilt, claimed, that she was lured into that situation, by *A,* acting in collusion with her husband, with the view of fraudulently obtaining evidence against her; and to prove such collusion, and to repel the presumption against it arising from the marital relation, she offered evidence of repeated acts of unkindness on the part of the petitioner towards her, manifesting an alienation of affection from her and an aversion to her; it was held, that such evidence was inadmissible for either of the purposes for which it was offered.

THIS was a petition for a divorce, alleging, that the respondent committed adultery with one *Sherlock Avery* and others unknown ; tried at *New-Haven, January* term, 1834, before *Bissell,* J.

On the trial, the petitioner, in connexion with other evidence tending to shew, that the respondent had committed adultery with *Avery,* introduced testimony of her confessions, made in the presence of the petitioner, in which she admitted, that she was found by him on the evening of the 2d of *December,* 1833, at 11 o'clock, in company with *Avery,* in his blacksmith's shop, in a situation, which, the petitioner claimed, furnished a strong presumption that the crime of adultery was then and there committed ; which, however, the respondent, at the time of making such confessions, denied. The respondent claimed to have proved, that she was lured into the shop, by *Avery ;* who was acting in collusion with the petitioner, with the design of fraudulently furnishing evidence to sustain a petition for a divorce. For the purpose of proving such collusion, and to repel the presumption against it arising from the marital relation, she offered the testimony of persons, who had, for a long time previously, lived in the family, to prove repeated acts of unkindness on the part of the petitioner towards her, manifesting an alienation of affection from her and an aversion to her. To the admission of this evidence the petitioner objected ; and the court excluded it.

The court found the facts alleged, and granted the petition ;

Austin
*v.*
Austin.

whereupon the respondent moved for a new trial, for the rejection of the evidence offered by her.

*Hitchcock* and *R. S. Baldwin,* in support of the motion, contended, That this evidence was admissible.   Mrs. *Austin* is accused of adultery with *Avery,* by her husband, who asks for a divorce, on that ground.   She denies the charge, at the same time admitting, that she was found in *Avery's* shop, under circumstances fitted to excite suspicion that she was there for that purpose.   To rebut this inference, she offers evidence tending to shew, that she was lured into that place, by *Avery,* acting in concert with her husband, for the fraudulent purpose of furnishing evidence in support of a petition for a divorce. If she can establish this fact, it will repel the suspicion arising against her from the situation in which she was found.   She produces evidence tending to establish it ; but, in the absence of positive proof, she is met with the strong presumption of the falsity of her pretence, arising from the fact, that he, whom she charges with collusion, was her *husband,* and who, for aught that appeared to the contrary, had, until then, cherished for her all those feelings of attachment, which ordinarily spring from that relation.

Her testimony was enough, in ordinary cases, to prove the fact of collusion ; but when charged upon her *husband,* it seems too incredible to be believed,—in the absence of all possible *motive.*   To remove this presumption and to shew a motive on the part of the husband, she offers to prove, that instead of affectionate regard for her, she was the object of his hatred ; so that the marital relation itself, imposing, as it did, the obligation to live with and support the object of his aversion, placed him not merely in the condition of an indifferent person, but of one who had a powerful motive to do what the other testimony introduced by the respondent tended to prove he had done.

Suppose the petitioner was indicted for a conspiracy with *Avery* to procure, fraudulently, evidence to convict his wife of adultery.   A presumption of innocence, supervenient to and stronger than the legal presumption in ordinary cases, would spring from his relation to her.   Might not this presumption be repelled ?   The case of *The State* v. *Watkins,* 9 *Conn. Rep.* 47. furnishes a decisive answer to the question.   But the

principle of the case supposed and of the decision referred to, is equally applicable to the present case.

On the trial of petitions for divorce, in ordinary cases, the range of inquiry is very broad. All circumstances of affection or aversion, of kindness or unkindness, between the parties, shewing a settled state of feeling, are gone into, in connexion with the evidence bearing directly upon the charge or defence.

*Sherman* and *Kimberly,* contra, insisted, That the evidence was properly rejected. First, it was irrelevant to establish the defence, which was the fraudulent collusion of the husband to get his wife into a situation, which would furnish presumptive evidence of her having committed adultery. Now, his " repeated acts of unkindness" towards her, have no more bearing upon the fraudulent conduct alleged, than upon any other fraud or misdemeanor that can be named. 1 *Phil. Ev.* 142, 3. 1 *Russell on Crimes,* 694, 5, 6.

Secondly, this evidence was inadmissible, for the purpose of repelling any inference against such collusion supposed to arise from the marital relation; because such presumption is but the ordinary presumption of innocence, strengthened by the relation; and this can be repelled only in the ordinary mode,—*i. e.* by such proof of the fact charged as would be proper to establish that fact in ordinary cases. It may be said, with equal truth, that the relation of parent and child, of brother and sister, and many of the social relations, furnish a presumption of innocence in corroboration of the ordinary legal presumption, on a charge involving a violation of the duties resulting from such relation; but this would not open the door for the introduction of irrelevant testimony, under the pretence of repelling such presumption.

BISSELL, J. The only question arising on this motion, is, whether the decision of the judge on the circuit, rejecting the evidence offered, was correct.

On the trial, the respondent denied that she had committed the crime of adultery; and she further insisted, that if the act had been committed, it was by the connivance of the husband, and his collusion with *Avery.* It is now to be taken for granted, that the charge of adultery was satisfactorily proved; and

*New-Haven,*
*July, 1834.*
———————
Austin
*v.*
Austin.

it is not now material to inquire what was the character of the evidence, by which the charge was supported.

The testimony in question was offered for two purposes :

1. To prove the collusion alleged ; and

2. To repel the presumption against it, arising from the marriage relation.

If not admissible for either of these purposes, it was properly rejected.

1. Was it admissible to prove collusion ?

The testimony, to say the least of it, is very remote. But can any fair presumption or inference be drawn from it, as to the matter in issue ?

The argument assumes this broad ground, that if it can be proved, that the husband has committed an act or acts of unkindness towards his wife, it may thence be inferred, that he has conspired against her chastity. Can it be necessary to adduce arguments to refute so monstrous a proposition ? You might as well prove, that he possessed a morose, unsocial temper ; that he neglected his family ; or that he was addicted to habits, which disqualified him for the enjoyment of domestic life. The inference might quite as safely be drawn, in the one case, as in the other.

But the evidence offered is not irrelevant merely ; it is obnoxious to this further objection, that if admitted, it would lead to inquiries to which no reasonable limits can be assigned. The claim is, to go back " for a long time," and to prove " repeated acts" of unkindness. It proposes to summon a man's domestics and to lay open the history of his domestic life. Now, supposing the husband to come prepared for such a course of inquiry, it is clear, that the proofs offered might be met ; that the facts proved, might be disproved, or palliated, or excused ; and where the inquiries might end, it would be difficult to foretell. It is not, however, difficult to see, that the minds of the triers would be distracted, and drawn away from the issue put to them.

2. Was the evidence admissible to repel the presumption mentioned ?

If it was not relevant for the other purpose; if it did not tend to prove collusion ; it is not easy to see how it conduced to repel the presumption. The question in issue, so far as this branch of the defence was concerned, was this : *has the peti-*

*tioner been guilty of collusion?* Evidence is offered, which has not the remotest tendency to prove the issue ; but is claimed to be admissible as tending to repel the presumption of inno-cence. Can there be the slightest foundation for this claim ? If the testimony be irrelevant for the one purpose, it is equally so for the other ; and in the one case as well as in the other, would lead to inquiries equally interminable.

It has, however, been contended, that this case falls within the principle decided in the case of *The State* v. *Watkins,* 9 *Conn. Rep.* 47.

That case went, perhaps, as far as is consistent with princi-ple ; but I think it clearly distinguishable from the present. There, proof of an adulterous intercourse was received, not for the purpose of proving the *corpus delicti.* The case assumes, that a murder was proved to have been committed, by some one. The evidence was admitted to show, that the prisoner had a motive for committing the offence ; and on this single ground was its admission sanctioned by this court. Here the evidence was offered to prove the collusion, or to repel the pre-sumption of innocence, growing out of the marriage relation. I think it irrelevant for either purpose.

The motion, therefore, must be over-ruled.

The other Judges were of the same opinion, except PETERS, J., who was absent.

New trial not to be granted.